UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Thomas DeSteph

    v.                                  Case No. 19-cv-1164-LM

Guggenheim Partners, LLC
Security Benefit Life Ins. Co.

**REPORT AND RECOMMENDATION**

Plaintiff Thomas DeSteph has sued the defendants, Guggenheim Partners, LLC ("Guggenheim") and Security Benefit Life Insurance Co. ("SBL") under a variety of legal theories related in large part to alleged withholding of commissions due to DeSteph. The complaint (Doc. No. 1) has been referred to the undersigned magistrate judge for preliminary review, pursuant to LR 4.3(d) and 28 U.S.C. § 1915(e)(2).

**I. Preliminary Review Standard**

The magistrate judge conducts a preliminary review of complaints, like the plaintiff's, which are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to

'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## II. Background[1]

DeSteph contracted with SBL to market its annuity and life insurance products in 1979. At the time, DeSteph was licensed to market these products in Connecticut, Massachusetts, Vermont, New Hampshire and Florida. In 1993, DeSteph became a General Agent with SBL and began selling a wider variety of SBL annuity products. By 2000, SBL business was faltering and DeSteph reduced the amount of business he was sending there. He still, however, maintained a book of business with SBL. In 2010, Guggenheim acquired SBL and business circumstances changed for the better. DeSteph began again marketing SBL products more aggressively.

In September 2010, SBL changed the relevant agent/agency contract to reduce commissions on a particular product – the Choice Annuity, commissions for which were DeSteph's primary income between 2010 and 2018. He also continued to receive commissions from premiums paid on older policies. SBL, however, paid those commissions under the newer formula, treating them as new policies. The result was decreased commissions for DeSteph.

---

[1]The facts recited herein are taken from plaintiff's complaint. Only those facts necessary for the court to complete its preliminary review are included in this report and recommendation.

DeSteph semi-retired in 2012, surrendering his New Hampshire insurance license. Although he stopped trying to recruit new clients, he continued to service his existing book of business. SBL continued to communicate with DeSteph about clients who needed certain services, such as beneficiary or address changes, and continued to notify him of new products and regulations. SBL also asked DeSteph to comply with educational requirements to keep his authority in Massachusetts and Connecticut valid.

In 2017 DeSteph was asked by SBL personnel to assist certain SBL policyholders whose business relationship with SBL dated back to 2012. SBL is withholding his commissions for this work. Also in 2017, DeSteph was asked to assist a client in Connecticut. At first, there was some confusion was to whether DeSteph was authorized to do business in Connecticut, but SBL eventually assured him he was. DeSteph continued to service clients on SBL's behalf into 2018. In addition, SBL continued to send him new product information and requested that he complete on-line educational tutorials to remain current.

In May 2018, DeSteph submitted to SBL an application for an existing client in Massachusetts to sign up for a Choice Annuity. SBL, however, refused the application, claiming that DeSteph was no longer authorized to do business in Massachusetts. Yet only a few weeks earlier, SBL had accepted two Choice Annuity applications – carrying roughly $120,000 in

3

premiums -- written by DeSteph in Massachusetts. Ultimately, SBL concluded that DeSteph wasn't properly authorized and dismissed him as the writing agent, thereby cutting him off from commissions on those policies.

SBL subsequently sent letters to policyholders serviced by DeSteph as far back as 2012 asking them to pick a different representative. SBL also retracted all commissions paid to DeSteph from 2012 forward, resulting in a deficit on DeSteph's account, while also withholding commissions then payable in order to recoup that deficit. DeSteph eventually learned that his licenses to sell annuities in Massachusetts and Connecticut were valid only through 2014. SBL did not notify him that his authorizations had expired until 2018.

## III. Claims

DeSteph has sued SBL and Guggenheim, asserting the following claims: 1) fraud related to his license status; 2) fraud related to paying his commissions; 3) negligent misrepresentation related to (1) and (2) above; 4) breach of contract; 5) violation of the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act, N.H. Rev. Stat. Ann. § 358-C; 6) negligent infliction of emotional distress; 7) unjust enrichment; and 8) mail and wire fraud.

## IV. Discussion

Construing his occasionally scattershot complaint liberally, the crux of DeSteph's allegations is that SBL and

4

Guggenheim unlawfully withheld, reduced or delayed commissions owed to him. He has pleaded sufficient facts to support claims 1-4 above, alleging fraud, negligent misrepresentation and breach of contract. By separate order, the court will direct service of these claims on the defendants. As set forth below, however, the court recommends dismissal of claims 5-8.

### A. N.H. Rev. Stat. Ann. § 358-C (Count 5)

In Count 5, DeSteph alleges that the defendants violated the New Hampshire Unfair, Deceptive, or Unreasonable Collection Practices Act ("UDUCPA"), N.H. Rev. Stat. Ann. ("RSA") ch. 358-C. To recover under the UDUCPA, DeSteph must show that: (1) he has been the object of collection activity arising from a consumer debt; (2) defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the Act. Moore v. Mortgage Electronic Registration Systems, Inc., 848 F.Supp.2d 107, 124 (D.N.H. 2012). DeSteph's complaint contains no facts to support any of these elements. In the context of this case, DeSteph is not a "consumer". See RSA 358-C:1 (defining "consumer" as "a natural person who seeks or acquires, or is offered property, services or credit for personal, family or household purposes."). Nor are the debts he alleges "consumer debts." See RSA 358-C:1, II (defining "consumer credit transaction" as including consumer credit sales, consumer loans, consumer leases of personal

5

property and transactions pursuant to a seller or lender credit card . . . ."). Finally, RSA 358-C:2 limits application of the UDUCPA to "debt collectors," which, in the context of this case, does not apply to his employer. See RSA 358-C:1, VII (defining "debt collector."); see also Hermina v. Safeway, Civ. No. WMN-11-1523, 2012 WL 12759, at *8 (D. Md. Jan. 3, 2012) (construing Maryland statute with similar language to UDUCPA and concluding that an employment agreement is not a consumer transaction).

Here, DeSteph's UDUCPA claim is limited to the payment of commissions. Since he has failed to state facts to support such a claim, the district judge should dismiss Count 5.

B. Infliction of Emotional Distress (Count 6)

In Count 6, DeSteph asserts that the defendants' conduct constituted either negligent or intentional infliction of emotional distress. Both claims should be dismissed. To state a claim for intentional infliction of emotional distress, a plaintiff must assert facts sufficient to support a claim that a defendant, "by extreme and outrageous conduct intentionally causes severe emotional distress to another . . . ." Morancy v. Morancy, 134 N.H. 493, 495, 593 A.2d 1158, 1159 (1991). To meet that standard, the accused conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Mikell v. Sch. Admin. Unit No. 33, 158 N.H. 723, 729 (2009).

Here, DeSteph's allegations relating to a dispute over licensing and commissions do not rise to the required severity to satisfy New Hampshire law. A comparison with the facts in Mikell v. School Admin. Unit No. 33, 158 N.H. 723, 729 (2009) is instructive. There, the New Hampshire Supreme Court upheld the trial court's dismissal of an intentional infliction of emotional distress claim in a case involving a student who committed suicide. The Plaintiff alleged that a schoolteacher falsely reported a disciplinary infraction against a student, causing emotional distress that resulted in the student's suicide. Id. at 729. The plaintiff claimed that the teacher's motive was to cause the student's expulsion. Id. The Court held that while a "teacher falsely reporting misconduct by a student is a reprehensible act, the circumstances of this case are simply not beyond all possible bounds of decency." Id. at 730. Even as alleged by the plaintiff, nothing about the defendants' conduct could even be characterized as "reprehensible," a characterization which itself fell short of the mark in Mikell. Cf. Julius v. Wells Fargo Bank, N.A., Civ. No. 16-cv-516-JL, 2017 WL 1592379, at *6 (D.N.H. Apr. 28, 2017) (noting that a bank foreclosing on a mortgage does not generally meet the "extreme and outrageous" standard).

Similarly, DeSteph's claim for negligent infliction of emotional distress fails because he has not alleged "serious mental and emotional harm accompanied by objective physical

7

symptoms." Quigley v. Precision Castparts Corp., No. 16-CV-90-PB, 2016 WL 3906631, at *4 (D.N.H. July 14, 2016).  The district judge should therefore dismiss Count 6.

C. Unjust Enrichment (Count 7)

In count 7, DeSteph alleges that the defendants unjustly enriched themselves by unlawfully withholding commissions from DeSteph and taking back commissions already paid.  Unjust enrichment is an equitable remedy that is available when an individual receives "a benefit which would be unconscionable for him to retain."  Axenics, Inc. v. Turner Const. Co., 164 N.H. 659, 669 (2013).  But, "[i]t is a well-established principle that the court cannot allow recovery under a theory of unjust enrichment when there is a valid, express contract covering the subject matter at hand."  Id.  Here, DeSteph's claims are based on the defendants' alleged breach of their express agreements to pay DeSteph commissions.  Accordingly, his unjust enrichment claim is foreclosed, and the district court should dismiss count 7.

D.  Mail and Wire Fraud (Count 8)

In Count 8, DeSteph alleges that the defendants violated federal criminal mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343.  It is well-settled, however, that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another".  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see Thompson v. Michels, 574 F. App'x. 196, 197

8

(3d Cir. 2014) (per curiam) (noting that federal criminal mail fraud statues do not provide a private right of action); <u>Jones v. TD Bank</u>, 468 F. App'x. 93, 94 (3d Cir. 2012) (per curiam) (same). The district judge should therefore dismiss count 8.

## V.  Conclusion

For the foregoing reasons, the district judge should dismiss counts 5-8 of the complaint. The case will proceed on plaintiff's remaining claims, as described herein.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

*/s/ Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

March 4, 2020

cc:  Thomas DeSteph, pro se